{¶ 75} I concur in the majority's disposition regarding the CIC policy. I concur in judgment only regarding the majority's disposition of the UUIC policy. I write separately to note that the limited issue before this court on appeal is whether the Lorinces are entitled to declaratory judgment that Christopher Loucks and/or Harold Johnson qualify as an "insured." I agree with the majority's limited determination regarding the definition of an insured, though in my opinion, there may still be a question regarding Preston Ford's responsibility to provide coverage.
 {¶ 76} Part 500 of the Underlying Policy states: "Insuring Agreement — WE will pay all sums the INSURED legally must pay as DAMAGES (including punitive DAMAGES where insurable by law) because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of * * * or AUTO HAZARD. * * *
 {¶ 77} "`AUTO HAZARD' means the ownership, maintenance, or use of any AUTO YOU own or which is in YOUR care, custody or control and:
 {¶ 78} "(1) used for the purpose of GARAGE OPERATIONS;
 {¶ 79} "(2) used principally in GARAGE OPERATIONS with occasional use for other business or nonbusiness purpose;
 {¶ 80} "(3) furnished for the use of any person or organization. * * *
{¶ 81} "WHO IS AN INSURED
 {¶ 82} "* * * With respect to the AUTO HAZARD:
 {¶ 83} "(1) YOU;
 {¶ 84} The contract defines "YOU" as "* * * the person or organization shown in the declarations as the Named Insured." Preston Ford is listed as a named insured on the declarations page, and therefore is included in the definition of "YOU."
 {¶ 85} The insuring agreement, explicitly states, as quoted above, that UUIC agreed to pay all sums Preston Ford must pay as damages because of injury to which this insurance applies
caused by an occurrence arising out of an auto hazard.
 {¶ 86} The answer to the question, "to what does this insurance apply" is found in the "Exclusions" section, keeping in mind that "where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operations thereof." 85 Ohio St.3d at 665-666, citing King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, 214.
{¶ 87} "EXCLUSIONS — This insurance does not apply to:
 {¶ 88} "* * * (i) INJURY * * * arising out of the ownership, use, loading or unloading of any;
 {¶ 89} "(1) AUTO, while
 {¶ 90} "(i) being used as a HAULAWAY;
 {¶ 91} "(ii) operated in, or in practice or preparation for any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity;
 {¶ 92} "(iii) leased or rented by YOU to others, except to:
 {¶ 93} "* * * (2) YOUR customers for a term of two monthsor less when it temporarily replaces the CUSTOMER'S AUTO, or whenthe customer is awaiting delivery of any AUTO purchased fromYOU." [Emphasis added.]
 {¶ 94} As seen in (i)(1)(iii)(2), the exclusions section specifically delineates in this "exception within an exception" that UUIC must pay for Preston Ford's obligation to "[its] customers for a term of two months or less when it temporarily replaces the customer's auto, or when the customer is awaiting delivery of any auto purchased from [it.]"[1]
 {¶ 95} Therefore, filling in the blanks of the insuring agreement to clarify, would read:
 {¶ 96} "Insuring Agreement — UUIC will pay all sums [Preston Ford] legally must pay as damages * * * because of INJURY [from the use of an auto by Preston Ford's customers for a term of two months or less when it temporarily replaces the CUSTOMER'S AUTO, or when the customer is awaiting delivery of any AUTO purchased from Preston Ford] caused by an OCCURRENCE arising out of * * * or AUTO HAZARD."
 {¶ 97} A question may remain regarding whether the plain language of the contract demands that UUIC was required to pay all sums that Preston Ford, as the insured, was legally obligated to pay because of injury to which this insurance contractapplied, to wit, section (i)(1)(iii)(2).
 {¶ 98} However, because the parties have not brought this issue on appeal, I must concur in judgment only with the majority opinion.
[1] There may be a question regarding whether Christopher Loucks or Harold Johnson is the customer.